

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2003

# Taylor v. Prudential Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Taylor v. Prudential Ins Co" (2003). *2003 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1260

LORETTA TAYLOR,

Appellant

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 02-cv-02536 )
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 4, 2003
Before:  McKEE, SMITH and WEIS, Circuit Judges.
(Filed November 6, 2003)
_____

OPINION
_____

WEIS, Circuit Judge.

  Plaintiff is one of a number of Prudential employees who have claims

against the company for employment discrimination. She and others retained the law firm

of Leeds & Morelli to represent them.[1]

_____

  [1] Leeds & Morelli is now known as Leeds, Morelli & Brown.

1

In May 1999, plaintiff agreed to resolve her claim exclusively through an ADR process consisting of mediation and binding arbitration. Plaintiff participated in the initial phase of the proceedings and on July 14, 1999, together with a member of the Leeds firm, met with Prudential's counsel. She also submitted a written claim summary and forwarded a list of allegedly similarly situated employees. Two mediation sessions scheduled for July 11 and July 27, 2000 were cancelled by plaintiff at the last moment.

In December 2000, the plaintiff's present counsel informed Prudential that plaintiff had discharged the Leeds firm and retained him. Plaintiff filed a complaint in the District Court in May 2002, alleging gender and racial discrimination as well as a hostile work environment. Citing the ADR agreement, Prudential moved to dismiss. Plaintiff responded that the agreement was unconscionable, that she entered into it as a result of undue influence, and that she was never advised of the fee arrangement between the Leeds firm and Prudential.

The District Court noted that plaintiff did not deny that she had signed the agreement, nor that it was reviewed line-by-line with counsel at a meeting she had attended. Moreover, her active participation in the ADR process showed acceptance of the arrangement. We observe also that plaintiff is a college graduate with a degree in business administration.

In addition, the District Court concluded that the plaintiff should be bound by her agreement to keep the proceedings confidential. This contractual restriction was a

2

bargained-for term that should be upheld because only private interests were involved. The court then directed that the case proceed to arbitration.

We have jurisdiction under the holdings of <u>Green Tree Financial Corp.-Alabama v. Randolph</u>, 531 U.S. 79 (2000) and <u>Blair v. Scott Speciality Gases</u>, 283 F.3d 595 (3d Cir. 2002).

After careful review of the record, we are not persuaded that the District Court erred in directing that the matter be submitted to arbitration and the complaint be dismissed. We find no necessity to restate the law as explained by the district judge. Essentially, for the reasons expressed in the opinion of the District Court, we will affirm its order.

_____

TO THE CLERK:

Please file the foregoing Opinion.

/s/ Joseph F. Weis, Jr._____
United States Circuit Judge